POPULIST PARTY of ARKANSAS, Ralph Nader,
and Peter Miguel Camejo *v.* Linda CHESTERFIELD
and the Democratic Party of Arkansas

04-994                                    192 S.W.3d 247

Supreme Court of Arkansas
Opinion delivered September 22, 2004

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.,* by: *Sam Hilburn* and *Matthew McCoy,* for appellants.

*Brian D. Greer,* for appellees.

TOM GLAZE, Justice, dissenting. This court again is confronted with ruling on an election controversy which unquestionably requires an expedited review. Certainly, an expedited appeal must be granted, but we should not take action until the trial court's record is filed with this court. Until this court receives the record, it cannot rely on the parties' arguments bearing on what occurred at the hearing from which this appeal comes.

Under this court's rules, it has the authority to expedite the case, set a prompt briefing schedule to cover all procedural and substantive issues, and establish an oral argument. Only two years ago, the court got caught up in trying to provide an immediate decision when it had not received the trial court's order, a notice of appeal, the record, or briefs. *See Republican Party of Arkansas v. Kilgore,* 350 Ark. 540, 98 S.W.3d 798 (2002), including a per

curiam and three dissenting opinions. In the present case, this court has been provided with a partial record, but nothing has been provided regarding the transcript of the evidence and arguments made at the trial below.

It is my uneasy feeling that this court, once again, is trying to accommodate everyone, rather than staying within the court's rules governing appeals when deciding election cases that arise at the last minute. The court opens itself to legitimate criticism if it fails to apply its rules of review fairly and consistently when handling appeals. While the parties and voters deserve this court's best efforts to resolve these difficult election cases, they should also be assured that the court reached its decisions by applying its rules evenhandedly.

Tomorrow, counsel for the opposing parties will appear to argue for and against a motion to stay the trial court's order. With the hearing transcript not before it, the court members will be compelled to address whether a stay order was ever requested of the trial court below. Further inquiry will be needed to address whether the Department of Defense directed or requested the absentee ballots for service members to be delivered by this Friday. Many other questions will undoubtedly be posed, also without benefit of a record.

In the case of *Republican Party of Arkansas v. Kilgore, supra*, two other justices and I agreed that this court had ignored our rules and cases that are clearly intended to permit expedited appeals and extraordinary proceedings, which would give the court the time, records, and briefs to render a well-reasoned opinion. Having said the above, I would expedite the appeal, require simultaneous briefs to be filed at 8:00 a.m., Monday, September 27, 2004. I would order the court reporter to file the record on Monday, September 27, 2004, at 8:00 a.m., and set oral arguments on the same day at 2:00 p.m.